UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00319-FDW-DCK

| | |
|---|---|
| LAWANDA BLAIR-FOSTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GOHEALTH, LLC, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 10). This matter has been fully briefed, (Docs. Nos. 13, 17), and is ripe for ruling. After reviewing the materials, the Court finds a hearing is unnecessary because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. For the reasons below, Defendant's motion is DENIED.

Defendant moves for summary judgment on the two claims in Plaintiff's Complaint: 1) race discrimination, and 2) retaliation.

> Title VII prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2. This provision is sometimes referred to as the "anti-discrimination" provision. In a separate section, Title VII outlaws discrimination based an employee's opposition to conduct made unlawful by Title VII or participation in any Title VII investigation, proceeding or hearing. 42 U.S.C.A. § 2000e-3. This provision is sometimes referred to as the "anti-retaliation" provision.

Perkins v. Int'l Paper Co., 936 F.3d 196, 205–06 (4th Cir. 2019); see also Strothers v. City of Laurel, Maryland, 895 F.3d 317, 327 (4th Cir. 2018). The standard to review a motion for summary judgment on these two claims is well-settled:

1

> Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there are genuine issues of material fact, a court should not weigh the evidence. Id. at 249, 106 S.Ct. 2505. But "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991).

Perkins, 936 F.3d at 205. In addition, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson, 477 U.S. at 248. An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities *against* the movant and *in favor of* the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

With these principles in mind, the parties' briefs and exhibits thereto make clear that genuine issues of material fact permeate the record before the Court. Indeed, the Court cannot resolve many of these disputes absent determining what evidence tends to be more credible than other evidence. The Court is precluded from doing so. Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 569 (4th Cir. 2015) ("The court therefore cannot weigh the evidence or make credibility determinations.") (citing Mercantile Peninsula Bank v. French, 499 F.3d 345, 352 (4th Cir. 2007)). Accordingly, summary judgment for Defendant is not appropriate on Plaintiff's claims for discrimination and retaliation.

2

The Court also *sua sponte* addresses the current trial setting for this matter. In light of the Court's limited ability to conduct jury trials and the Court's prioritization of criminal matters over civil cases pursuant to the Speedy Trial Act, this matter must be continued from the September trial term.

IT IS THEREFORE ORDERED Defendant's Motion for Summary Judgment (Doc. No. 10) is DENIED.

IT IS FURTHER ORDERED the Court CONTINUES trial in this matter to the November 2, 2020, trial term, with docket call to take place on the morning of Monday, November 2, 2020.

The parties shall also TAKE NOTICE that a pretrial conference in this matter will be held on Monday, October 19, 2020, at 9:00 a.m. in Courtroom #2-1 of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina, 28202.[1] The parties' joint pretrial submissions required under the Case Management Order (Doc. No. 9) shall be due by Monday, October 12, 2020.

IT IS SO ORDERED.

Signed: August 12, 2020

Frank D. Whitney
United States District Judge

---

[1] The Court will notify counsel closer to the date of the pretrial conference whether it will be conducted in person or virtual.